FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 29, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CONRAD J. CZAJKOWSKI,

    Petitioner - Appellant,

v.

JOE ROYBAL; KIM KARN; AINSILE
NEUBERT,

    Respondents - Appellees.

No. 24-1280
(D.C. No. 1:24-CV-00548-LTB-SBP)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Petitioner Conrad J. Czajkowski, a state prisoner, seeks a certificate of

appealability ("COA") to challenge the district court's order dismissing his habeas corpus

petition under 28 U.S.C. § 2254. Mr. Czajkowski also moves for leave to proceed in

forma pauperis ("IFP"). For the reasons stated below, we deny Mr. Czajkowski a COA,

deny his motion to proceed IFP, and dismiss this matter.

## I.    BACKGROUND

Before the district court, Mr. Czajkowski—who is currently imprisoned pending

the resolution of state criminal charges—asserted that his Sixth Amendment speedy trial

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

rights were being violated. The district court dismissed his action for lack of jurisdiction under the *Younger* abstention doctrine after adopting the magistrate judge's Report and Recommendation.[1] Mr. Czajkowski then filed this appeal.[2]

In his application for a COA, Mr. Czajkowski asserts for the first time in this litigation that his First Amendment right to freedom of religion is being violated because he has been taken to Saturday court sessions in violation of his Jewish faith. Mr. Czajkowski did not assert a claim under the First Amendment in the district court. However, Mr. Czajkowski is currently litigating another case before the district court concerning his First Amendment right to freedom of religion. *See* ECF No. 4 (Prisoner Complaint), *Czajkowski v. Polis et al.*, No. 1:23-cv-01654-PAB-MDB (D. Colo.). Those proceedings are not implicated in Mr. Czajkowski's instant request for a COA to challenge the dismissal of his habeas corpus action.

## II.    STANDARD OF REVIEW

To appeal the district court's denial of his § 2254 petition, Mr. Czajkowski must first obtain a COA, which is available only if Mr. Czajkowski can establish "a substantial

---

[1] The doctrine announced in *Younger v. Harris*, 401 U.S. 37, 53–54 (1971), "provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in 'certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'" *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 669–70 (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)).

[2] Because the district court dismissed Mr. Czajkowski's complaint before Respondents were served, Respondents did not appear in the district court litigation and have not entered an appearance in this court.

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Making this showing requires Mr. Czajkowski to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the district court concluded Mr. Czajkowski had failed to meet this burden and denied him a COA.

Mr. Czajkowski proceeds pro se. We construe a pro se litigant's pleadings liberally, holding them to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). At the same time, "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks omitted). As such, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Kincaid v. Unified Sch. Dist. No. 500*, 94 F.4th 936, 947 (10th Cir. 2024) (quotation marks omitted).

## III. DISCUSSION

We generally decline to reach an issue raised for the first time on appeal. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (declining to consider arguments for COA that pro se applicant failed to present in district court); *see also McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) (noting our general rule against considering new arguments on appeal). In this case, were we to

3

consider Mr. Czajkowski's arguments, we would risk prejudging legal issues that are actively pending in litigation before the district court. *See* ECF Nos. 31, 33 (Motions to Dismiss concerning First Amendment freedom of religion claim), *Czajkowski v. Polis et al.*, No. 1:23-cv-01654-PAB-MDB (D. Colo.). This we will not do. *See New Mexico ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 701 (10th Cir. 2009) (observing that it is inappropriate to prejudge the merits of another pending case). We decline to consider the new First Amendment arguments Mr. Czajkowski raises for the first time in his application for a COA.

Mr. Czajkowski asserts no arguments concerning the dismissal of his habeas petition based on the alleged violation of his Sixth Amendment rights. In the absence of any argument concerning the subject of his complaint before the district court, we cannot conclude that Mr. Czajkowski has demonstrated that "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). We therefore deny Mr. Czajkowski's request for a COA.

Finally, we turn to Mr. Czajkowski's motion to proceed IFP. To proceed IFP, Mr. Czajkowski must present "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Mr. Czajkowski has not shown the existence of a nonfrivolous argument in support of the issues raised in his COA application, and therefore we deny his motion to proceed IFP. Mr. Czajkowski is accordingly required to pay the filing fee.

4

## IV.    CONCLUSION

For the reasons stated above, we DENY Mr. Czajkowski's application for a COA, DENY his motion to proceed IFP, and DISMISS this matter.

Entered for the Court


Per Curiam